IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: SHALE OIL ANTITRUST LITIGATION        Case No. 1:24-md-03119-MLG-LF

This Order Relates to:

In re: Shale Oil/WTI Crude Oil Futures & Derivatives
Litigation, Case No. 1:25-cv-00447

**ORDER GRANTING AMENDED STIPULATED SCHEDULE
FOR THE PROPOSED FUTURES & DERIVATIVES CLASS**

Plaintiffs 3Red Partners LLC and William Basinski ("Plaintiffs") move for the Court to enter their "proposed Order Granting Amended Stipulated Schedule for the Proposed Futures & Derivatives Class, attached as Exhibit 1" to their filing. MDL No. 3119, Doc. 250 at 1. The Court adopts the following stipulated schedule, which governs service, motion to dismiss briefing, and preliminary discovery in the case *In re: Shale Oil/WTI Crude Oil Futures & Derivatives Litigation*, Case No. 1:25-cv-00447 (the "Action"). It may be modified at any time (i) at the Parties' request and with the Court's permission or (ii) unilaterally by the Court. All below dates shall be computed in accordance with Federal Rule of Civil Procedure 6.

**BACKGROUND**

On May 12, 2025, Plaintiff 3Red Partners LLC filed a Class Action Complaint ("3Red Complaint") against Defendants Permian Resources Corporation f/k/a Centennial Resource Development Inc., Expand Energy Corporation f/k/a Chesapeake Energy Corporation, Continental Resources Inc., Diamondback Energy Inc., EOG Resources Inc., Hess Corporation, Occidental Petroleum Corporation, Pioneer Natural Resources Company, Scott D. Sheffield, and John B. Hess (collectively "Defendants"). *See* 3Red Complaint, *3Red v. Permian Resources Corporation f/k/a Centennial Resource Development Inc. et al.*, No. 25-cv-00447 (D.N.M. May 12, 2025), Doc. 1. About a month later, Plaintiff Basinski filed a Class Action Complaint ("Basinski Complaint" and

1

together with the 3Red Complaint, "Complaints") against Defendants. *See* Basinski Complaint, *Basinski v. Permian Resources Corp. et al*, No. 25-cv-00568 (D.N.M.), Doc. 1. Upon filing the Complaints, Plaintiffs 3Red and Basinski each indicated that their respective actions were related to a pending multi-district litigation ("MDL") before this Court, titled *In re: Shale Oil Antitrust Litigation*, No. 1:24-md-03119. The Complaints are brought on behalf of investors in WTI-based futures and other derivatives (the "Proposed Futures & Derivatives Class") and seek damages for alleged violations of the Sherman Act, alleged violations of the Commodity Exchange Act, and for alleged unjust enrichment. On July 22, 2025, the Court appointed Kirby McInerney LLP, Lowey Dannenberg P.C., Burke LLP, and The Ward Law Firm as interim co-lead counsel for the proposed Futures & Derivatives Class. *See* MDL No. 3119, Doc. 248.

## STIPULATED SCHEDULE

1. Service

Defendants must accept service of the Complaints as to any Defendant that has not yet been served as of the date of this Order.

2. Consolidating Complaints

The Basinski case should be consolidated with the 3Red case and operate under the Court-approved caption *In re: Shale Oil/WTI Crude Oil Futures & Derivatives Litigation*, No. 25-cv-00447. *See* MDL No. 3119, Doc. 248.

3. Motion to Dismiss Schedule

Plaintiffs must file a Consolidated Class Action Complaint ("CAC") within twenty-one days of the Court's ruling on the pending motions to dismiss the MDL Consolidated Complaint. Defendants shall respond to the CAC (including any motions to dismiss) within sixty days after the CAC is filed. Plaintiffs must respond in opposition to any motions to dismiss the CAC filed by

Defendants within forty-five days after Defendants file their motions to dismiss. Defendants shall file their replies in support of their motions to dismiss the CAC within thirty days after Plaintiffs file their responses in opposition. Defendants reserve the right to oppose any additional motions for leave to amend the CAC.

4.  <u>Discovery</u>

The Protective Order and Order Regarding Production of Electronically Stored Information, MDL No. 3119, Docs. 246, 247, shall govern the Action. To the extent Defendants have provided or provide disclosures or productions to the plaintiffs in the MDL, Defendants will make those same disclosures or productions to counsel for the Proposed Futures & Derivatives Class within 30 days of this Order under the same confidentiality restrictions under which any such disclosures or productions are made to the plaintiffs in the MDL. No other discovery will occur in the Action until the Court rules on the pending motions to dismiss in the MDL. If discovery occurs in the MDL after the Court rules on the pending motions to dismiss, but before the Court rules on any forthcoming motions to dismiss the CAC, the Parties must follow the discovery deadlines in the MDL for any discovery that addresses common issues between the MDL and the Action. Defendants reserve the right to oppose any discovery that is unique to the Action on the grounds that it is premature before the Court has ruled on the motions to dismiss the CAC. It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA